**E-Filed 9/27/05**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLIVE FRANK BOUSTRED, ET AL.,<br><br>PLAINTIFFS,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, ET AL.,<br><br>DEFENDANTS. | Case Number C 05-00996 JF<br><br>ORDER (1) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF BOUSTRED WITH LEAVE TO AMEND AND (2) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF OTHERS WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE [1]<br><br>[Docket No. 3, 4, 6, 10] |

## I. BACKGROUND

Plaintiff Clive Boustred ("Boustred") has filed a *pro se* complaint on behalf of himself, his two minor sons (RCF, elsewhere referred to as RCB, and WFB), and two corporations owned by Boustred (InfoTelesys, Inc. Nevada and Get IT Real, Inc. Nevada). The complaint is sixty-

---

[1] This disposition is not designated for publication and may not be cited.

three pages in length and includes numerous specific and general allegations. Boustred filed the complaint pursuant to 42 U.S.C. § 1983. He alleges that his Second, Fourth, Eighth, Ninth, Tenth, and Eleventh Amendment rights have been violated, and he also makes reference to the First, Fifth, Seventh, and Fourteenth Amendments. In addition, he has listed twenty-one specific claims for relief, labeled as follows: attempted murder, kidnap, hostage taking, conspiracy to commit murder, obstruction of justice, fraud, acceding to fraud, malicious prosecution, libel, slander, trespass, nuisance, acting without subject matter jurisdiction, child abuse and endangerment, assault, battery, false arrest, false imprisonment, unlawful search, unlawful seizure, and grand theft auto. He also claims that the alleged events have ruined his businesses. He claims millions of dollars of damages, itemized for specific harms. He requests an opportunity to conduct depositions so that he can identify claims against specific defendants.

Boustred has alleged all of his claims against all of the named defendants. These include the County of Santa Cruz, County of Placer, County of Marin, State of California, their representatives, and twenty-six individuals. The individual defendants include: Anamaria Boustred, Steffan Tichatschke, Gregor Smith, Robert Frandeen, Vicki Parry (attorney for Anamaria Boustred), Paul Meltzer (former attorney for Clive Boustred), eight employees of the Santa Cruz Sheriff's department, three Santa Cruz Superior Court Judges, a Placer County Superior Court Commissioner, two employees of the Santa Cruz District Attorney's office, the Placer County District Attorney, two employees of the Santa Cruz Child Protective Services office, one employee of the Santa Cruz Woman's Crisis Center, and California Attorney General Bill Lockyer. Genworth Financial is not listed in the initial list of defendants.

The following is a brief summary of Boustred's complicated allegations, with additional emphasis on allegations relating to the four moving defendants. Because Boustred is proceeding *pro se*, his claims understandably are not set forth with the clarity one would expect from an attorney. Apparently, the marriage between Boustred and his wife, Anamaria Boustred, has been or is in the process of being dissolved. There appears to be significant and painful conflict over the custody of the Boustreds' two minor children, RCF/RCB and WFB. Anamaria Boustred is or

2

Case No. C 05-00996 JF
ORDER (1) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF BOUSTRED WITH LEAVE TO AMEND AND (2) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF OTHERS WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE
(JFLC1)

has been engaged in a romantic relationship with Stefan Tichatschke ("Tichatschke").

Boustred alleges in his opposition to the instant motions that in February 2003, in response to actions by Vicki J. Parry, an attorney representing Anamaria Boustred, a court voided an order that prohibited Tichatschke from contact with the two minor children. Boustred alleges that Anamaria Boustred and Tichatschke, enabled by the voiding of this order, created a "dangerous situation" by leaving WFB, then 3 years old, in the middle of a ski run. Boustred alleges that when he came to get his son, Tichatschke attempted to start a fight with him. Boustred then took both of his sons to Santa Cruz.

Boustred states in his opposition papers that on the following day, March 10, 2003, he went to Santa Cruz Superior Court, where he filed for a temporary restraining order "prohibiting his ex-wife from causing dangerous situations for the children and making false police calls." Boustred believes that Anamaria Boustred and Tichatschke were trying to frame him and creating a false record in preparation for the dissolution proceedings. He alleges in his complaint that when he and his two sons returned home, they were met by Santa Cruz County sheriffs, who "lay in wait for and ambushed Petitioners on their private property and shot at Petitioners from a point blank range of five to seven feet." He alleges that was held in his garage, handcuffed, and then detained in a police car. Boustred alleges that the police kidnapped his sons. Boustred states that he was then falsely accused of assaulting an officer and taken to jail.

Boustred believes that lawyers, judges, prosecutors, and county officials are engaged in a conspiracy against him in order to cover up the attempted murder of himself and his children by the police. He alleges that he has been maliciously prosecuted on more than one occasion, was not given access to an attorney, that evidence favorable to him was improperly excluded, that documents were kept from him while he was in jail, and that bail was set much higher than was allowed.

Boustred also alleges that his rights with respect to his children have been violated. He states that "Santa Cruz Superior Court judges in complete and utter violation of my constitutional rights continue to hold my children hostage." He alleges that Tichatschke should not have access

3

to his children, that a legal representative has been appointed for his children in violation of his rights, and that this attorney has said libelous things about Boustred regarding Boustred's parenting capabilities.

Boustred also alleges in his opposition papers that Anamaria Boustred stole from his office a life insurance policy renewal notice. He claims that Anamaria Boustred renewed a million-dollar life insurance policy on Boustred's life naming herself as the beneficiary. Boustred believes that this life-insurance policy further motivates the conspiracy against him. He alleges that Genworth Financial refuses to cancel the life insurance policy and that the continued existence of the policy puts his life in danger.

Finally, Boustred alleges that the Santa Cruz Superior Court refuses to file his pleas and motions, has not allowed him to conduct depositions, and has improperly sanctioned him.

Four defendants have filed motions to dismiss and motions for a more definitive statement. These defendants are (1) Paul Meltzer ("Meltzer"), who represented Boustred in criminal proceedings before the Santa Cruz Superior Court, (2) Vicki Parry ("Parry"), representing Anamaria Boustred in an ongoing family law proceeding before the Santa Cruz Superior Court, (3) Angelica Glass ("Glass"), an employee of Santa Cruz Child Protective Services, and (4) Genworth Financial, the insurance company that issued the life insurance policy for Boustred. Defendants move to dismiss on two grounds. First, they assert that the complaint should be dismissed pursuant to the requirement of Federal Rule of Civil Procedure 8(a) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Second, they assert that it should be dismissed for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). Three of the defendants also request that claims brought by plaintiffs RCF/RCB, WFB, InfoTelesys, Inc. and Get It Real should be dismissed because these plaintiffs lack capacity to sue. Additionally, all four moving defendants have filed motions for a more definitive statement pursuant to Federal Rule of Civil Procedure Rule 12(e). Boustred opposes the motions to dismiss and requests an extension of time to respond, prepare his case, and obtain counsel.

4

Case No. C 05-00996 JF
ORDER (1) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF BOUSTRED WITH LEAVE TO AMEND AND (2) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF OTHERS WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE
(JFLC1)

## II. LEGAL STANDARD

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright*, 35 F.3d at 474. The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

The Court has considered Boustred's allegations in the light most favorable to him. As presently framed, Boustred's complaint fails to state a claim upon which relief may be granted against moving defendants Meltzer, Parry, Glass, and Genworth Financial. Boustred makes sweeping conclusory allegations against all defendants without making specific allegations against any of the four moving defendants. Although Boustred offers several specific allegations against these defendants in his opposition to the instant motions, these allegations were not included in Boustred's complaint. Moreover, it is not at all clear that the allegations made by Boustred in his opposition papers would be sufficient to survive a motion to dismiss even if they were properly pled. For example, even in his opposition papers Boustred does not identify the specific claims against each defendant. Accordingly, the Court will grant the motions to dismiss with leave to amend so that Boustred may set forth the claims that he brings on his own behalf with greater particularity.

5

Case No. C 05-00996 JF
ORDER (1) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF BOUSTRED WITH LEAVE TO AMEND AND (2) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF OTHERS WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE
(JFLC1)

The Court also will grant the motions to dismiss the claims brought on behalf of plaintiffs RCF/RCB, WFB, InfoTelesys, Inc. and Get It Real without leave to amend. As a non-attorney, Boustred may represent himself, but not his children or his businesses. The law requires that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also* Civil Local Rule 3-9(a). Similarly, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *see also* Civil Local Rule 3-9(b). The Court will grant the motion to dismiss without prejudice, thereby allowing these parties to file their claims if they obtain the assistance of counsel.

The following legal authorities may be helpful to Boustred. First, and most importantly, a complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Each claim brought by a plaintiff must be based on existing, identifiable law. A plaintiff must also allege enough facts to support each specific claim against each defendant to make it is possible, assuming all alleged facts to be true, for the Court could find in favor of the plaintiff.

Second, a complaint must include a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must provide "fair notice of the nature of claim and the facts which underlie the claim." *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1037 (N.D. Cal., 1991). It must be clear from the complaint which specific claims are being brought against which defendants. Each claim against each defendant must be clearly alleged in order to give the defendant fair notice. It is not sufficient to allege numerous claims against numerous defendants when each claim is not being brought against all of the defendants.

Third, parties to a case may "obtain discovery regarding any matter, not privileged, that is

6

relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  Although this is a liberal standard, "it is not so liberal as to allow a party 'to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so'" *Food Lion, Inc. v. United Food and Commercial Workers Intern. Union, AFL-CIO-CLC,* 103 F.3d 1007, 1013, 322 (C.A.D.C., 1997) (internal citations omitted).  Thus, should the present litigation ultimately proceed, Boustred only will be able to obtain discovery that is clearly germane to identifiable claims.

Finally, the Court advises Boustred that the employees of the Santa Cruz Child Protective Services, including Angelica Glass, may be entitled to absolute or qualified immunity from suit. "State actors, including social workers, who perform functions that are 'critical to the judicial process itself' are entitled to absolute immunity." *Doe v. Lebbos*, 348 F.3d 820, 825 (9th Cir., 2003) (internal citations omitted).  When a state actor is entitled to absolute immunity, that state actor is entirely immune from suit.  When a social worker performs functions other than "those functions historically recognized as absolutely immune at common law, qualified and only qualified immunity exists." *Id*.  However, qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  A determination as to a state actor's entitlement to qualified immunity involves a two-pronged inquiry.  First, do the facts alleged, viewed in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a constitutional right?  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).  This first prong mirrors the substantive summary judgment inquiry on the merits of the constitutional claim. *Sorrels*, 290 F.3d at 969.  Second, if the plaintiff has alleged a deprivation of a constitutional right, was that right clearly established? *Saucier*, 533 U.S. at 201; *Sorrels*, 290 F.3d at 969. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

Case No. C 05-00996 JF
ORDER (1) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF BOUSTRED WITH LEAVE TO AMEND AND (2) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF OTHERS WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE
(JFLC1)

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the instant motions to dismiss the claims Boustred brings on his own behalf are GRANTED WITH LEAVE TO AMEND. Boustred shall file any amended complaint within ninety (90) days after service of this order.

IT IS FURTHER ORDERED that the instant motions to dismiss claims brought by Boustred on behalf of plaintiffs RCF/RCB, WFB, InfoTelesys, Inc. and Get It Real are GRANTED WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE.

DATED: September 27, 2005

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

Case No. C 05-00996 JF
ORDER (1) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF BOUSTRED WITH LEAVE TO AMEND AND (2) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF OTHERS WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE
(JFLC1)

This Order has been served upon the following persons:

<u>Plaintiff</u>

Clive Frank Boustred
210 Suncrest Drive
Soquel, CA 95073

<u>Counsel for Defendants</u>

jburton@bvsllp.com

srh@bvsllp.com

fgooch@grlawyers.com

eregalado@grlawyers.com

rwebster@grlawyers.com

Jason.Heath@co.santa-cruz.ca.us

dana.mcrae@co.santa-cruz.ca.us,

nvance@klinedinstlaw.com

jbrelsford@klinedinstlaw.com

Michael A. Miller
Burton Volkmann & Schmal, LLP
133 Mission Street
Suite 102
Santa Cruz, CA 95060

9

Case No. C 05-00996 JF
ORDER (1) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF BOUSTRED WITH LEAVE TO AMEND AND (2) GRANTING MOTIONS TO DISMISS CLAIMS ON BEHALF OF OTHERS WITHOUT LEAVE TO AMEND AND WITHOUT PREJUDICE
(JFLC1)